**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
***michael@thesamuellawfirm.com***

Attorneys for Plaintiffs, on behalf
Of themselves and all others similarly
situated

| | |
|---|---|
| Craig Logan, Love Williams, Thomas Murphy, Kevin Miller, Andrew Tyson, Louis Wells, Clarence Fisher and Robert Reid, on behalf of themselves and all other persons similarly situated, | DOCKET NO. _____ |
| Plaintiffs, | **FIRST AMENDED COMPLAINT** |
| - vs. – | **COLLECTIVE ACTION** |
| Safety-Kleen Systems, Inc., and Clean Harbors Environmental Services, Inc., | **CLASS ACTION** |
| Defendants. | |

Plaintiffs Craig Logan, Love Williams, Thomas Murphy,
Kevin Miller, Andrew Tyson, Louis Wells, Clarence Fisher and
Robert Reid, by their undersigned attorneys, for their
complaint against defendants Safety Kleen Systems, Inc., and
Clean Harbors Environmental Services, Inc., allege as

follows, on behalf of themselves and all other persons similarly situated:

## NATURE OF THE ACTION

1.   Plaintiffs allege on behalf of themselves and all other similarly situated current and former employees of defendants Safety Kleen Systems, Inc., and Clean Harbors Environmental Services, Inc., who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages for overtime work for which they did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because the defendants' violations were willful and lacked a good faith basis.

2.   Plaintiffs further complain that they are each entitled, under the applicable state laws of New York, New Jersey and Pennsylvania, to (i) compensation for wages paid at less than the statutory minimum wage; (ii) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by applicable state law (and the supporting regulations); (iii) unpaid spread-of-hours compensation for shifts worked lasting in excess of 10 hours from start to finish in the state of New York; (iv) liquidated

damages pursuant to applicable state law for these violations; and (iv) statutory damages for the defendants' violations of the Wage Theft Prevention Act in New York and similarly applicable Pennsylvania and New Jersey law.

### THE PARTIES

3.   Plaintiff Craig Logan is an adult individual residing in Philadelphia, Pennsylvania.

4.   Plaintiff Love Williams is an adult individual residing in Lansdale, Pennsylvania.

5.   Plaintiff Thomas Murphy is an adult individual residing in Patchogue, New York.

6.   Plaintiff Andrew Tyson is an adult individual residing in Central Islip, New York.

7.   Plaintiff Louis Wells is an adult individual residing in Philadelphia, Pennsylvania.

8.   Plaintiff Kevin Miller is an adult individual residing in Philadelphia, Pennsylvania.

9.   Plaintiff Clarence Fisher is an adult individual residing in Philadelphia, Pennsylvania.

10.  Plaintiff Robert Reid is an adult individual residing in Philadelphia, Pennsylvania.

11.  Plaintiffs each consent to be a party to this action pursuant to 29 U.S.C. § 216(b).

12.  Defendant Safety Kleen Systems, Inc., ("Safety-Kleen") is a domestic corporation originally organized under the law of the State of Wisconsin with a principal business address at 42 Longwater Drive, Norwell, Massachusetts, 02061, and corporate headquarters located at 2600 North Central Expressway, Suite 400, Richardson, Texas 75081.

13.  In 2012, defendant Safety-Kleen was acquired by Clean Harbors, Inc., parent company of defendant Clean Harbors Environmental Services, Inc.

14.  Defendant Clean Harbors Environmental Services, Inc. ("CHES") is a domestic corporation organized under the laws of the State of Massachusetts, with a principal place of business located at 42 Longwater Drive, Norwell, Massachusetts, 02061.

15.  Defendant CHES operates a hazardous and non-hazardous waste handling business, industrial maintenance business, and specialty industrial services business throughout North America.

16.  Defendant Safety-Kleen, provides environmental services throughout the United States, including the re-refining and recycling of oil and parts washing services.

17.  At all relevant times, defendant Safety-Kleen has been an employer engaged in interstate commerce and/or the

production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

18.   Upon information and belief, at all relevant times, defendant Safety-Kleen had gross revenues in excess of $500,000.00.

19.   At all relevant times herein, defendant Safety-Kleen used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

20.   At all relevant times, defendant CHES has been an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

21.   Upon information and belief, at all relevant times, defendant CHES has had gross revenues in excess of $500,000.00.

22.   At all relevant times herein, defendant CHES has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

23.   At all times relevant, defendant Safety-Kleen is or has been an "employer" of each of the Plaintiffs, as that term is used in the Fair Labor Standards Act and applicable state labor law.

24.   At all times relevant, defendant CHES is or has been an "employer" of each of the Plaintiffs, as that term is used in the Fair Labor Standards Act and applicable state labor law.

## JURISDICTION AND VENUE

25.   This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

26.   This Court has jurisdiction over the state law claims asserted herein pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2).

27.   Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendant Safety-Kleen's business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

28.   Pursuant to 29 U.S.C. § 206 and § 207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by
> defendants in the United States at any time since
> February 16, 2019, to the entry of judgment in this
> case (the "Collective Action Period"), who were
> Safety-Kleen sales and service representatives and

CHES "Household Hazardous Waste" project workers, and who were not paid statutory minimum wages, and/or overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

29. The Collective Action Members are similarly situated to Plaintiffs in that they were employed by the defendants as non-exempt employees, and were denied payment at the statutory minimum wage and/or were denied premium overtime pay for hours worked beyond forty hours in a week.

30. The Collective Action Members are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

31. Plaintiffs and the Collective Action Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by defendants.

32. The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

## CLASS ACTION ALLEGATIONS

33. Plaintiffs bring their applicable state law claims pursuant to Federal Rules of Civil Procedure ("FRCP") Rule

23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

34.   All said persons, including Plaintiff, are referred to herein as the "Class."

35.   The Class members are readily ascertainable.  The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records.  For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said FRCP 23.

***Numerosity***

36.   The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their Claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are over forty (40) members in the class.

***Commonality***

37.   There are questions of law and fact common the Class which predominate over any questions affecting only individual class members, including:

a.   Whether Defendants employed Plaintiffs and the Class within the meaning of applicable state law.

b.   Whether Plaintiffs and Class members are paid at least the minimum wage for each hour worked under the applicable state labor law;

c.   Whether Plaintiffs and Class members are entitled to be paid overtime under the applicable state labor law;

d.   Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiffs and the Rule 23 Class spread-of-hours pay as required by the New York Labor Law or similarly applicable labor laws of other states;

e.   Whether Defendants maintained a policy, pattern and/or practice of failing to provide requisite statutory meal periods;

f.   Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiff's and the Rule 23 Class's start of employment and/or timely thereafter;

g.  Whether Defendants provided paystubs detailing full and accurate rates of pay and credits taken toward the minimum wage to Plaintiffs and the Rule 23 Class on each payday; and

h.  At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

***Typicality***

38. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.  All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and/or overtime, and spread-of-hours compensation. Defendants' corporate wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member.  Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

***Adequacy***

39. Plaintiffs can fairly and adequately protect the

Interests of the Class and have no interests antagonistic to the Class.  Plaintiffs are represented by attorneys who are experienced and competent representing plaintiffs in both class action and wage and hour employment litigation cases.

***Superiority***

40.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender.  Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  Further, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class

action would result in significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interest through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

41.  Upon information and belief, Defendants and other employers throughout the nation violate applicable state labor laws.  Current employees are often afraid to assert their rights out fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## **FACTS**

42. At all relevant times herein, defendant CHES operated a hazardous and non-hazardous waste handling, industrial maintenance and specialty industrial services business throughout North America, including in the States of New York, New Jersey, and Pennsylvania where Plaintiffs either currently work, or in the past worked, on a full-time basis.

43. At all relevant times herein, including the period from 2016 through the present, Clean Harbors, Inc. has been the parent company of both defendants, CHES and Safety-Kleen, having acquired Safety Kleen in 2012.

44. At all relevant times herein, including the period from 2016 to the present, defendant Safety-Kleen operated an oil re-refining and recycling, waste services and parts cleaning business nationwide, including in the States of New York, New Jersey, and Pennsylvania where Plaintiffs either currently work, on in the past worked, on a full-time basis.

45. Each plaintiff was employed by the defendants as a sales-and-service representative ("SSR"), customer service manager ("CSM") and/or household hazardous waste ("HHW") project worker on weekends.

46. Plaintiff Craig Logan was employed by the defendants as an SSR at the West Chester, Pennsylvania branch

from approximately August 2015 through 2018; and as a CSM from approximately January 2019 through June 2021.

47. Plaintiff Love Williams was employed by the defendants as an SSR at the West Chester, Pennsylvania branch from approximately September 2017 through May 2021.

48. Plaintiff Tom Murphy has been employed by the defendants as an SSR at the Amityville, New York branch from approximately June 2010 through the present.

49. Plaintiff Andrew Tyson has been employed by the defendants, first as a utility rep and later as an SSR, at the Amityville, New York branch, from 2018 through the present.

50. Plaintiff Louis Wells was employed by the defendants as an SSR at the West Chester, Pennsylvania branch from approximately December 2015 through August 2020.

51. Plaintiff Kevin Miller was employed by the defendants as an SSR at the West Chester, Pennsylvania branch from approximately March 2016 through February 2020.

52. Plaintiff Robert Reid was employed by the defendants as an SSR at the West Chester, Pennsylvania branch from 2012 through May 2021.

53. Plaintiff Clarence Fisher was employed by the defendants as an SSR, first at the Bridgeport, New Jersey branch from 2017 to 2018; then at the Linden, New Jersey

branch from 2018 to 2020; then at the West Chester, Pennsylvania branch from approximately 2020 to 2021; then at the Fairless Hills, Pennsylvania branch in 2021.

54. At all relevant times herein, while working as SSR's for defendant Safety-Kleen, Plaintiffs worked a regular daily route schedule from approximately 6 a.m. until 7 p.m., Monday through Friday.

55. At all times relevant herein, some or all of the Plaintiffs worked out-of-town HHW project for the defendants on three Saturdays each month from April through mid-November.

56. At all times relevant herein, some or all of the plaintiffs worked out-of-town HHW projects for the defendants on one Sunday per month from April through mid-November.

57. HHW projects were single-day collection projects during which the plaintiffs would assist in the collection of household hazardous waste from consumers in various states including Pennsylvania, New Jersey, New York, Delaware, Maryland, and Virginia.

58. On the days when Plaintiffs worked for the defendants on an out-of-town HHW project, Plaintiffs worked from approximately 5 a.m. until 9 p.m., including approximately 4-6 hours travel time each day to and from the HHW project location,

59.  Consequently, Plaintiffs were working approximately 65 hours per week during their employment by the defendants during the winter season from Mid-November through March.

60.  During the summer season from April through Mid-November, when HHW projects were taking place, Plaintiffs were working approximately 81 hours per week during workweeks when HHW projects took place on Saturday only.

61.  During the summers season from April through Mid-November, when HHW projects were taking place, Plaintiffs were working approximately 95 hours per week once per month, during workweeks when HHW projects took place on both Saturday and Sunday.

62.  Plaintiffs' work was/is performed in the normal course of defendants' business, was integrated into the business of defendants, and did/does not involve executive or administrative responsibilities.

63.  At all relevant times herein, Plaintiffs were employees engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

64.  At all times relevant, until early 2021, Plaintiffs were paid a fixed, bi-weekly salary by direct deposit.

65.   Plaintiffs received these bi-weekly amounts for all hours worked, regardless of the exact number of hours each plaintiff worked in a given week.

66.   As a result, each Plaintiff's effective rate of pay was sometimes below the statutory minimum wage in effect at relevant times.

67.   Defendants' failure to pay Plaintiffs an amount at least equal to the applicable minimum wage in effect during relevant time periods was willful, and lacked a good faith basis.

68.   At all times relevant herein until 2021, the defendants failed to pay Plaintiffs any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, and applicable state labor law, and supporting state department of labor regulations.

69.   Defendants' failure to pay Plaintiffs the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

70.   Defendants also failed to pay Plaintiffs an additional hour's pay at the minimum wage for each day he worked a shift lasting in excess of ten hours from start to finish ("spread-of-hours premium").

71.   Defendants' failure to pay Plaintiffs the spread-of-hours premium was willful, and lacked a good faith basis.

72. Defendants failed to provide Plaintiffs with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, their regular and overtime rates, and intended allowances claimed – and failed to obtain each Plaintiff's signature acknowledging the same, either upon their hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

73. Defendants failed to provide Plaintiffs with weekly records of their compensation and hours worked, in violation of New York's Wage Theft Prevention Act.

74. Upon information and belief, throughout the period of Plaintiffs' employment, both before that time (throughout the Collective Action and Class Period) and continuing until today, defendants have likewise employed other individuals like Plaintiffs (Collective Action and Class Members) in similar positions that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

75. Defendants applied the same employment policies, practices, and procedures to all Collective Action and Class Members, including policies, practices, and procedures with respect to the payment of minimum wages and overtime.

76.   Upon information and belief, Defendants have failed to pay these other individuals at a rate at least equal to the minimum wage, in violation of the FLSA and the applicable state labor laws.

77.   Upon information and belief, these other individuals have worked in excess of forty hours per week, yet the defendants have likewise failed, at all times relevant until 2021, to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and applicable state labor laws.

78.   Upon information and belief, these other individuals were not provided with required wage notices or weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and New York's Wage Theft Prevention Act.

79.   Upon information and belief, while the defendants employed Plaintiffs and the Collective Action and Class members, and through all relevant time periods, the defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

80.   Upon information and belief, while the defendants employed Plaintiffs and the Collective Action and Class members, and through all relevant time periods, the defendants failed to post or keep posted a notice explaining

19

the minimum wage and overtime pay rights provided by the FLSA or applicable state labor laws.

## COUNT I

### (New York Labor Law – Minimum Wage)

### (On Behalf of a Multistate Class Under New York Law)

81. Plaintiffs, on behalf of themselves and all Collective Action and Class Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

82. At all relevant times, Plaintiffs Thomas Murphy and Andrew Tyson were or are employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

83. Defendants willfully violated Mr. Murphy's and Mr. Tyson's rights by failing to pay them compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

84. Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

85. Due to the defendants' New York Labor Law violations, Mr. Murphy and Mr. Tyson are entitled to recover from the defendants their unpaid compensation, liquidated

damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

### COUNT II

### (Fair Labor Standards Act - Overtime)

### (On Behalf of a Multistate Collective Under Federal Law)

86.  Plaintiffs, on behalf of themselves and all Collective Action and Class Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

87.  At all relevant times, the defendants employed Plaintiffs and each of the Collective Action and Class Members within the meaning of the FLSA.

88.  At all relevant times, the defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

89.  As a result of defendants' willful failure to compensate their employees, including Plaintiffs and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, the defendants have

violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

90.  The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

91.  Due to the defendants' FLSA violations, Plaintiffs, and the Collective Action and Class Members are entitled to recover from the defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### COUNT III

### (New York Labor Law - Overtime)

### (On Behalf of a Multistate Class Under New York Law)

92.  Plaintiffs, on behalf of themselves and all Collective Action and Class Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

93.  At all relevant times, Plaintiffs Thomas Murphy and Andrew Tyson were or are employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

94.   Defendants  willfully  violated  these  plaintiffs'
rights by failing to pay them overtime compensation at rates
at least one-and-one-half times the regular rate of pay for
each hour worked in excess of forty hours per workweek in
violation of the New York Labor Law §§ 650 et seq. and its
supporting regulations in 12 N.Y.C.R.R. § 146.

95.  Defendants'  failure  to  pay  overtime  was  willful,
and lacked a good faith basis, within the meaning of New York
Labor Law § 198, § 663 and supporting regulations.

96.  Due  to  the  defendants'  New  York  Labor  Law
violations, Plaintiffs Murphy and Tyson, and the Collective
Action and Class Members, are entitled to recover from the
defendants their unpaid overtime compensation, liquidated
damages, interest, reasonable attorneys' fees, and costs and
disbursements of the action, pursuant to New York Labor Law
§ 198, and § 663(1).

## COUNT IV

### (New York Labor Law – Spread of Hours)

### (On Behalf of a Multistate Class Under New York Law)

97.  Plaintiffs,  on  behalf  of  themselves  and  all
Collective Action and Class Members, repeat, reallege, and

incorporate by reference the foregoing allegations as if set forth fully and again herein.

98.  At all relevant times, Plaintiffs Thomas Murphy and Andrew Tyson were or are employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

99.  Defendants willfully violated Mr. Murphy's and Mr. Tyson's rights by failing to pay them an additional hour's pay at the minimum wage for each day he worked a shift lasting in excess of ten hours from start to finish, in violation of the New York Labor Law §§ 650 et seq. and its regulations in 12 N.Y.C.R.R. § 142-2.4.

100. Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 163 and supporting regulations.

101. Due to Defendants' New York Labor Law violations, Mr. Murphy and Mr. Tyson, and the Collective and Class members, are entitled to recover from Defendants their unpaid spread-of-hours compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT V

### (Pennsylvania Labor Law – Minimum Wage)

### (On behalf of a Multistate Class Under Pennsylvania Law)

102. Plaintiffs, on behalf of themselves and all Collective Action and Class Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully herein.

103. At all relevant times, Plaintiffs Craig Logan, Kevin Miller, Clarence Fisher, Robert Reid, Louis Wells and Love Williams were employed by the defendants within the meaning of Pennsylvania Code Section 231.1 et seq.

104. Defendants willfully violated violated these plaintiffs' rights by failing to pay them compensation in excess of minimum wage in violation of the Pennyslvania Labor Law Section 231.1 et seq.

105. Defendants' failure to pay compensation in excess of the statutory minimum wage was willful and lacked a good faith basis, within the meaning of the Pennsylvania Labor Law and supporting regulations.

106. Due to the defendants' Pennsylvania Labor Law violations, Plaintiffs are entitled to recover from the

defendants their unpaid compensation, liquidated damages, interest, reasonable attorney's fees, and costs and disbursements of this action, pursuant to the Pennsylvania Labor Law.

## COUNT VI

### (Pennsylvania Labor Law – Overtime)

### (On Behalf of a Multistate Class Under Pennyslvania Law

107. Plaintiffs on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

108. At all relevant times, Plaintiffs Craig Logan, Love Williams, Kevin Miller, Louis Wells, Clarence Fisher and Robert Reid were employed by the defendants within the meaning of Pennsylvania Labor Law, § 231 et seq.

109. Defendants' willfully violated Plaintiffs' rights by failing to pay them overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the Pennsylvania Labor Law, § 231 et seq. and supporting regulations.

110. Defendants' failure to pay Plaintiffs overtime was willful, and lacked a good faith basis, within the meaning of Pennsylvania Labor Law § 231 et seq. and supporting regulations.

111. Due to the defendants' Pennsylvania Labor Law violations, Plaintiffs are entitled to recover from the defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorney's fees, and costs and disbursements of this action, pursuant to Pennsylvania Labor Law § 231 et seq.

## COUNT VII

### (New Jersey Labor Law — Minimum Wage)

### (On Behalf of a Multistate Class Under New Jersey Law)

112. Plaintiffs, on behalf of themselves and all Collective Action and Class Members, repeat, reallege and incorporate by reference the foregoing allegations as if setg forth fully and again herein.

113. At all relevant times, Plaintiffs Craig Logan, Kevin Miller, Clarence Fisher, Robert Reid, Louis Wells and Love Williams were employed by the defendants within the meaning of New Jersey Rev. Stat. Section 34:11-56a4 et seq.

114.    Defendants willfully violated Plaintiffs' rights by failing to pay them compensation in excess of the statutory minimum wage in violation of New Jersey Rev. Stat. Section 34:11-56a4 et seq. and supporting regulations.

115.    Defendants' failure to pay compensation in excess of minimum wage was willful and lacked a good faith basis, within the meaning of New Jersey Rev. Stat. Section 34:11-56a4 et seq. and supporting regulations.

116.    Due the defendants' New Jersey Labor Law violations, Plaintiffs and the Collective and Class Members are entitled to recover from the defendants their unpaid compensation, liquidated damages, interest, reasonable attorney's fees and costs and disbursements of this action, pursuant to New Jersey Labor Law.

### **COUNT VIII**

### **(New Jersey Law – Overtime)**

### **(On Behalf of a Multistate Class Under New Jersey Law)**

117.    Plaintiffs on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

118.   At all relevant times, Plaintiff Clarence Fisher was employed by the defendants within the meaning of New Jersey Rev. Stat. § 34:11-56a4.

119.   At all relevant times, Plaintiff Clarence Fisher was employed by the defendants within the meaning of New Jersey Rev. Stat. § 34:11-56a4.

120.   Defendants' failure to pay Plaintiff overtime was willful, and lacked a good faith basis, within the meaning of New Jersey Rev. § 34:11-56a4 and supporting regulations.

121.   Due to the defendants' New Jersey labor law violations, Plaintiff Fisher and the Collective and Class Members are entitled to recover from the defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorney's fees, and costs and disbursements of this action, pursuant to New Jersey Rev. Stat.§ 34:11-56a4.

## COUNT IX

### (Minimum Wage)

### (On Behalf of a Multistate Class Under the Laws of Each State Where Defendants Do Business, Or, Alternatively, On Behalf of Each of the Individual State Classes)

122. Plaintiffs, on behalf of themselves and all Collective and Class Members, repeat, reallege and

incorporate by references the foregoing allegations as if set forth fully and again herein.

123. At all times relevant, Plaintiffs and the Collective and Class Members were employed by the defendants in states where Defendants do business, within the meaning of those states labor law and supporting regulations.

124. Defendants violated the rights of Plaintiffs and the Collective and Class Members by failing to pay them compensation in excess of the statutory minimum wage in violation of each such state's labor law and supporting regulations.

125. Defendants' failure to pay compensation in excess of the statutory minimum wage was willful and lacked a good faith basis within the meaning to each such state's labor law and supporting regulations.

126. Due to Defendants' labor law violations in such states, Plaintiffs and the Collective and Class Members are entitles to recover from the defendants their unpaid compensation, liquidated damages, interest, reasonable attorney's fees, and costs and disbursements of this action, pursuant to each such state's applicable labor laws and supporting regulations.

## COUNT X

### (Overtime)

### (On Behalf of a Multistate Class Under the Laws of Each State Where Defendants Do Business, Or, Alternatively, On Behalf of Each of the Individual State Classes)

127. Plaintiffs, on behalf of themselves and all Collective and Class Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

128. At all times relevant, Plaintiffs and the Collective and Class Members were employed by Defendants in the states where Defendants do business, within the meaning of those state's labor laws and supporting regulations.

129. Defendants violated the rights of Plaintiffs and the Collective and Class Members by failing to pay them overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of those states labor law and supporting regulations.

130. Defendats' failure to pay overtime was willful and lacked a good faith basis, within the meaning of each state's labor law and supporting regulations.

131. Due to Defendants' labor law violations in such states, Plaintiffs and the Collective Action and Class Members are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorney's fees, and costs and disbursements of this action, pursuant to such states' labor laws and supporting regulations.

## COUNT X

### (New York Labor Law – Wage Theft Prevention Act)

132. Plaintiffs, on behalf of themselves and all Collective Action and Class Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

133. At all relevant times, Plaintiffs Thomas Murphy and Andrew Tyson were and are employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

134. Defendants willfully violated these plaintiffs' rights by failing to provide him with the wage notice required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

135. Defendants willfully violated their rights by failing to provide them with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

136. Due to the defendants' New York Labor Law violations relating to the failure to provide paystubs, Mr. Murphy and Mr. Tyson, and the Collective and Class Members are each entitled to recover from the defendants statutory damages of $250 per day, from 2015 to the present, as applicable to each's period of employment, up to the maximum statutory damages.

137. Due to the defendants' New York Labor Law violations relating to the failure to provide wage notices, Mr. Murphy and Mr. Tyson, and the Collective Action and Class Members are each entitled to recover from the defendants statutory damages of $50 per day from 2015 to the present, as applicable to each's period of employment, up to the maximum statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court grant the following relief:

    a.  Designation of this action as a collective action on behalf of the Collective Action Members and

prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the Collective Action members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, the New York Labor Law, the Pennsylvania Labor Law, New Jersey Labor Law and the applicable labor laws of other states;

c. An injunction against the defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA, the New York Labor Law, the New Jersey Labor Law,

the Pennsylvania Labor Law, and the applicable labor laws of other states;

e.  Compensatory damages for failure to pay the minimum wage pursuant to New York Labor Law, the New Jersey Labor Law, the Pennsylvania Labor Law, and the applicable labor laws of other states;

f.  An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage, and overtime compensation pursuant to 29 U.S.C. § 216;

g.  Liquidated damages for the defendants' New York Labor Law violations, New Jersey Labor Law, Pennsylvania Labor Law, and the applicable labor laws of other states;

h.  Statutory damages for the defendants' violation of the New York Wage Theft Prevention Act;

i.  Back pay;

j.  Punitive damages;

k.  An award of prejudgment and postjudgment interest;

l.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

      m.  Such other, further, and additional relief as this

          Court deems just and proper.

Dated: May 19, 2022

                  /s/ Michael Samuel
                  Michael Samuel (MS 7997)
                  The Samuel Law Firm
                  1441 Broadway
                  Suite 6085
                  New York, New York 10018
                  (212) 563-9884
                  Attorneys for Plaintiffs,
                  *Individually and on behalf of an*
                  *FLSA collective action and State*
                  *classes*