**Ogletree Deakins**

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*Attorneys at Law*

599 Lexington Avenue, 17th Floor
New York, New York 10022
Telephone: 212.492.2500
Facsimile: 212.492.2501
www.ogletreedeakins.com

Robert M. Tucker
212.492.2510
robert.tucker@ogletree.com

June 2, 2022

**VIA ECF**

The Honorable Joan M. Azrack
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

Re: *Craig Logan, et al. v. Safety Kleen Systems, Inc., et al.*
Case No. 2:22-cv-00868 (JMA) (SIL)

Dear Judge Azrack:

We represent Defendants Safety-Kleen Systems, Inc. ("Safety-Kleen") and Clean Harbors Environmental Services, Inc. ("CHESI") (collectively, Safety-Kleen and CHESI are referred to herein as "Defendants") in the above-referenced action. Per the Court's Individual Motion Practices and Rules, we write to request a Pre-Motion Conference to obtain permission to move: (1) pursuant to Rule 12(b)(2) to dismiss the claims of Plaintiffs Craig Logan, Love Williams, Louis Wells, Kevin Miller, Clarence Fisher, and Robert Reid (collectively, the "out-of-state Plaintiffs") for lack of personal jurisdiction; and (2) pursuant to Rule 12(b)(1) to dismiss Count X (Wage Theft Prevention Act) as to Plaintiffs Thomas Murphy and Andrew Tyson for lack of subject-matter jurisdiction.

In the First Amended Complaint ("Complaint"), Plaintiffs allege on behalf of themselves and a putative class that they are entitled to: (i) compensation for wages paid at less than the minimum wage; (ii) unpaid wages for overtime work; and (iii) liquidated damages pursuant to the FLSA. Plaintiffs further allege they are entitled under the applicable state laws of New York, New Jersey, and Pennsylvania to: (i) compensation for wages paid at less than the minimum wage; (ii) unpaid wages for overtime work; (iii) unpaid spread-of-hours compensation; (iv) liquidated damages; and (iv) statutory damages for violations of the New York Wage Theft Prevention Act ("WTPA") and similarly applicable Pennsylvania and New Jersey laws.

Under Rule 12(b)(2), the out-of-state Plaintiffs bear the burden of demonstrating the Court has personal jurisdiction over Defendants. *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994). To defeat a motion to dismiss for lack of personal jurisdiction, "a plaintiff 'must make a prima facie showing that jurisdiction exists. Such a showing entails making legally sufficient allegations of jurisdiction, including an averment of facts that, if credited[,] would suffice to establish jurisdiction over the defendant.'" *Charles Schwab Corp. v. Bank of Am. Corp.*,

Atlanta ▪ Austin ▪ Berlin (Germany) ▪ Birmingham ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver ▪ Detroit Metro ▪ Greenville
Houston ▪ Indianapolis ▪ Jackson ▪ Kansas City ▪ Las Vegas ▪ London (England) ▪ Los Angeles ▪ Memphis ▪ Mexico City (Mexico) ▪ Miami ▪ Milwaukee ▪ Minneapolis
Morristown ▪ Nashville ▪ New Orleans ▪ New York City ▪ Oklahoma City ▪ Orange County ▪ Paris (France) ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Portland ▪ Raleigh ▪ Richmond
St. Louis ▪ St. Thomas ▪ Sacramento ▪ San Antonio ▪ San Diego ▪ San Francisco ▪ Seattle ▪ Stamford ▪ Tampa ▪ Toronto (Canada) ▪ Torrance ▪ Tucson ▪ Washington

883 F.3d 68, 81 (2d Cir. 2018) (quoting *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34-35 (2d Cir. 2010)). In other words, a plaintiff must offer evidence that is fact-specific and non-conclusory. *Contant v. Bank of Am. Corp.*, 385 F. Supp. 3d 284, 290 (S.D.N.Y. 2019). The Complaint, however, lacks the requisite factual allegations to establish personal jurisdiction for the out-of-state Plaintiffs' claims. Instead, the Complaint confirms that none of the out-of-state Plaintiffs were employed in New York (*see* Doc. 10 at ¶¶ 46-47, 50-53). The Complaint merely asserts that:

- Safety-Kleen "is a domestic corporation originally organized under the law of the State of Wisconsin with a principal place of business at 42 Longwater Drive, Norwell, Massachusetts . . . and corporate headquarters located at . . . Richardson, Texas[1]." *Id.* at ¶ 12.

- CHESI "is a domestic corporation originally organized under the law of Massachusetts, with a principal place of business at 42 Longwater Drive, Norwell, Massachusetts, 02061". *Id.* at ¶ 14.

- CHESI operates a hazardous and non-hazardous waste handling business throughout North America, including New York. *Id.* at ¶¶ 15, 42.

- "Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendant Safety-Kleen's business is located in this district." *Id.* at ¶ 27.

- "Safety Kleen operated an oil re-refining and recycling waste services and parts cleaning business nationwide, including in the States of New York . . . ." *Id.* at ¶ 44.

- "HHW projects were single-day collection projects during which the plaintiffs would assist . . . in various states including . . . New York . . . ." *Id.* at ¶ 57.

In June 2017, the Supreme Court held that federal courts may not entertain the claims of out-of-state plaintiffs unless the acts causing the plaintiffs' claims arose in the forum state or the court has general jurisdiction over the defendant. *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1777 (2017). In *Pettenato v. Beacon Health Options*, 425 F. Supp. 3d 264, 279-80 (S.D.N.Y. 2019), a court held that *Bristol-Myers* applies to non-resident plaintiffs of FLSA collective actions. *See also Goldowsky v. Exexter Finance Corp.*, 2021 WL 695063, at *4 (W.D.N.Y. Feb. 23, 2021).

It is undisputed that the claims of the out-of-state Plaintiffs did not arise in New York. Courts in this District apply New York law to determine whether there is personal jurisdiction over a defendant.[2] New York's C.P.L.R. § 301 allows courts to invoke general jurisdiction where a

---

[1] This is incorrect as Safety-Kleen's corporate headquarters is located in Massachusetts, but since it is not located in New York, this allegation is of no consequence.

[2] The Court's personal jurisdiction analysis has two interrelated steps. First, a plaintiff must establish a statutory basis for jurisdiction, such as under New York's long-arm statute. N.Y. C.P.L.R. § 302. Second, a plaintiff must also

corporation has engaged in such a continuous and systematic course of doing business in that state that a finding of its presence there is warranted. The Supreme Court, however, has warned that "general jurisdiction extends beyond an entity's state of incorporation and principal place of business only in 'exceptional' cases, and exerting it over foreign corporations merely because they or their subsidiaries conduct regular business in a state may violate the Due Process Clause." *Precision Wellness LLC v. Demetech Corp.*, 2022 WL 970773, at *3 (E.D.N.Y. Mar. 30, 2022) (Azrack, J.).

Similar to *Precision Wellness LLC*, Your Honor can quickly rule on this issue because the pleadings reveal no allegations or support for general jurisdiction[3]. *Id.* at *3. The Complaint pleads *fewer* facts that would suggest general jurisdiction in New York than those pled in *Precision Wellness*. Indeed, Defendants are not "at home" in New York and cannot be found to be present in New York to the degree required to support general jurisdiction. *See Wilderness USA Inc. v. DeAngelo Bros. LLC*, 265 F. Supp. 3d, 309 (W.D.N.Y. 2017). Here, there is no connection between New York and the out-of-state Plaintiffs' claims that Defendants violated the FLSA or state wage and hour law. The out-of-state Plaintiffs do not, and cannot, claim these alleged violations occurred in New York. None claim to have worked or resided here; instead, Plaintiffs' own allegations establish that each resided and worked out of state. Your Honor, therefore, should excise the out-of-state Plaintiffs for lack of jurisdiction.

Plaintiffs Thomas Murphy and Andrew Tyson lack standing to bring claims for purported wage statement and wage notice violations under the WTPA. In order to establish standing under Article III of the Constitution, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). In *TransUnion*, the Supreme Court found that a plaintiff does not satisfy the injury-in-fact requirement merely because a statute grants the plaintiff a statutory right and purports to authorize the plaintiff to sue to vindicate that right: "[a]n injury in law is not an injury in fact." *Id.* at 2205. Judge Pamela Chen relied on *TransUnion* to hold that plaintiffs asserting WTPA claims did not establish a concrete harm sufficient to confer standing. *Sevilla v. House of Salads One LLC*, 2022 WL 954740 (E.D.N.Y. Mar. 30, 2022); *Wang v. XBB, Inc.*, 2022 WL 912592, at *13 (E.D.N.Y. Mar. 29, 2022); *Francisco v. NY Tex Care, Inc.*, 2022 WL 900603, at *1 (E.D.N.Y. Mar. 28, 2022). Plaintiffs Murphy and Tyson have not alleged and cannot allege any facts that could establish they suffered an injury in fact, as defined in *TransUnion*, by virtue of the purported statutory wage statement and wage notice violations.

---

establish that the Court's exercise of personal jurisdiction over out-of-state defendants comports with due process. *Charles Schwab*, 883 F.3d at 82. New York courts merge the long-arm statutory and constitutional analyses by focusing on the constitutional standard: whether haling out-of-state defendants into a New York court is proper, based upon a defendant's purposeful availment of the privilege of conducting activities within New York, thus invoking the benefits and protections of its laws. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918-19 (2011); *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 134 (2d Cir. 2014).

The Honorable Joan M. Azrack
June 2, 2022
Page 4

Accordingly, Plaintiffs Murphy and Tyson do not have standing to bring their WTPA claims and this Court lacks subject matter jurisdiction over those claims.

      For the reasons set forth above, Defendants respectfully request that Your Honor grant their request for a Pre-Motion Conference and that Defendants be permitted to move to dismiss the out-of-state Plaintiffs' claims in their entirety and Count X of the Complaint. Thank you for Your Honor's consideration of this request.

                                  Respectfully submitted,

                                  */s/ Robert M. Tucker*

                                  Robert M. Tucker


cc:    Michael Samuel, Esq.
        *Counsel for Plaintiffs*